TRICOCHE, DEMANDANTE Y APELANTE, *v.* MERCADO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad y otros extremos.

No. 2121.—Resuelto en abril 29, 1920.

NULIDAD DE VENTA—NOMBRE SUPUESTO.—Si al venderse una propiedad se cambia por otro el nombre del comprador, éste puede venderla usando el nombre con que aparecía en la escritura de venta, y nadie tiene derecho a reclamar contra el uso del nombre supuesto a no ser que ello le haya causado perjuicios.

ID.—ALEGACIONES—CAUSA DE ACCIÓN.—María Antonia Tricoche demandó a Julio Mercado *et al.,* para que se declarara nula la venta hecha a Julio Mercado por Francisco Rufino Tricoche, hermano de la demandante, de la mitad indivisa de una finca que alegó pertenecía a José Rufino Tricoche, quien según las alegaciones falleció siendo soltero y dejando por únicos herederos a la demandante y a su citado hermano. *Se resolvió:* que tales hechos no determinan una causa de acción puesto que Francisco Rufino, al traspasar una mitad indivisa de la finca, traspasó precisamente lo que de acuerdo con la teoría de la demanda, le pertenecía.

Los hechos están expresados en la opinión.
Abogado del apelante: *Sr. T. Torres Pérez.*
Abogado de los apelados: *Sr. G. Rodríguez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

María Antonia Tricoche es la demandante y apelante en este pleito. Todas las cuestiones envueltas en este caso dependen de las relaciones legales existentes entre ella y sus dos hermanos, cuyos nombres no mencionamos por el momento, porque esta nomenclatura es una de las principales cuestiones envueltas en la apelación.

Alegó la demandante que en 22 de marzo de 1893, su hermano José Rufino Tricoche adquirió por compra que hizo a José Laboy una finca de tres cuerdas más o menos, radicada en el término municipal de la Corte de Distrito de Ponce; que esta compra se hizo constar por escritura; que dicho José Rufino Tricoche estuvo en posesión de la referida finca hasta el momento de su muerte en el año 1895; que a su fallecimiento sus únicos y universales herederos eran la demandante y Francisco Rufino Tricoche; que en el año 1912 dicho Francisco Rufino Tricoche, por escritura número 51 otorgada en junio 6 de 1912 ante el notario Gustavo Rodríguez, simulando ser su hermano premuerto, vendió la mitad indivisa de dicha finca al demandado Julio Mercado, y termina la demanda con la súplica de que se declare nula y sin ningún valor la referida venta por no haber sido hecha por el verdadero dueño de la finca, sino por el hermano Francisco Rufino Tricoche. La corte inferior dictó sentencia a favor de los demandados.

Los apelados piden que se confirme la sentencia por los dos motivos que siguen: *Primero,* porque la demanda como fué enmendada en el juicio no expresaba una causa de acción y, *segundo,* porque el peso de la prueba estaba a favor de los demandados desde cualquier punto de vista del caso según la corte inferior resolvió en cuánto a dicho peso.

Por razón de conveniencia en el desarrollo de los hechos consideraremos primero la segunda cuestión.

Al discutir la prueba la corte muy correctamente declaró probado que la verdadera cuestión en controversia en el caso

era la del dominio de la finca vendida al demandado Julio
Mercado. La corte también declaró probado que los ape-
llidos de ambos hermanos eran Tricoche y Arroyo, siendo
el segundo nombre de cada uno de ellos Rufino; que uno de
estos hermanos, José, era conocido por el apodo de Tifé y
el otro, Francisco, por el de Pingo; que quedó además sa-
tisfactoriamente probado que quien compró la finca a José
Laboy en 22 de marzo de 1893 y quién la poseyó siempre
como dueño, fué el hermano conocido por Pingo.

Sostiene la apelante que no hay conflicto alguno en la
prueba, pero encontramos una disparidad muy esencial en-
tre los testigos de la demandante y los de los demandados.
La escritura, es cierto, fué otorgada a favor de José Rufino
Tricoche y el testigo principal de la demandante manifestó
que Francisco Rufino Tricoche, conocido por Pingo, dió a
dicho testigo un poder a nombre de Francisco Rufino Tri-
coche para vender la finca en cuestión; que el poder fué otor-
gado a nombre de Francisco Rufino Tricoche y subsiguiente-
mente para solucionar la situación fué convertido en un po-
der a nombre de José Rufino Tricoche, poderes ambos que
fueron otorgados por el referido Francisco Rufino Tricoche.
El testigo hizo cierta ligera referencia en su declaración, de
la que podría inferirse que Francisco Rufino Tricoche que
falleció en el año 1913, o antes que esta acción fuera esta-
blecida, sabía que su nombre no era José y otras declara-
ciones por el estilo que tal vez podrían tender a probar que
dicho Francisco Rufino Tricoche se hacía pasar por su her-
mano fallecido.

Examinemos en primer término la cuestión principal. Se-
gún declaró probado la corte, no existe duda posible de que
la persona que compró la finca era la que más generalmente
se conocía con el nombre de Francisco Rufino Tricoche o
Pingo. La escritura expresaba que él era casado y la prueba
tendía a probar que su hermano conocido por José o Tifé
nunca fué casado; que éste último era una persona de cos-

tumbres irregulares y nunca fué dueño o poseyó la finca o tuvo nada que ver con ella.

En la contestación se alegaba que el hermano conocido por Pingo era indistintamente conocido con el nombre de Francisco o José y hubo prueba tendente a mostrar este aserto. Aun cuando hubiera alguna duda respecto a la existencia de personas algunas de las cuales conocían a Pingo por José y otra por Francisco, sin embargo es indudable que la misma escritura original fué otorgada a un tal "José Rufino Tricoche" y que el notario creyó que José era el nombre de la persona a quien se hizo la escritura, pero según hemos dicho el verdadero dueño era la persona generalmente conocida por Pingo. Ambos hermanos eran analfabetas, circunstancia tendente a explicar la confusión de los nombres.

Como cuestión legal, si una finca se vende bajo un nombre supuesto, la persona a quien la propiedad se vende tiene derecho a venderla bajo este pseudónimo. De todos modos nadie tiene derecho a quejarse de tal alegado uso de un nombre supuesto, a menos que él o ella en realidad hayan sido perjudicados por dicho uso. Como José Rufino Tricoche, conocido por Tifé, jamás adquirió ningún derecho, interés o título a la propiedad, su hermana no tenía interés alguno en la finca ni derecho para impugnar la escritura otorgada por su hermano Pingo con el nombre de José Rufino Tricoche.

La demanda como fué originalmente redactada alegaba que la escritura de 1912 que representaba ser un documento hecho por José Rufino Tricoche, fué otorgada por una persona desconocida que decía que era dicho José Rufino Tricoche. El apelado admite que la demanda como fué originalmente presentada determinaba una causa de acción. En el juicio, no obstante, la demandante enmendó su demanda a fin de expresar en ella que Francisco Rufino Tricoche vendió una mitad indivisa en la finca a Julio Mercado. En el supuesto de que José Rufino Tricoche, conocido por Tifé era el dueño de la finca y que falleció siendo soltero y dejando como únicos herederos, como se alega en la demanda a su

hermano Francisco Rufino Tricoche y su hermana María Antonia Rufino Tricoche, cada una de estas dos personas tenía derecho a una participación de una mitad en la referida finca. Por consiguiente, puesto que la venta hecha por Francisco Rufino Tricoche a Julio Mercado era precisamente de una mitad indivisa, dicho Francisco, bajo tales circunstancias, solo estaría traspasando lo que, de acuerdo con la teoría de la demanda necesariamente le pertenecía. Por tanto, también tenemos que convenir con los apelados en que la demanda como fué enmendada no determinaba una causa de acción.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.